UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:**   (**In Chambers:**) DEFENDANT KNITWORK PRODUCTIONS II LLC'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION (Dkt. #20, filed April 14, 2014)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Urban Textile, Inc. filed this action on March 3, 2014, against defendants A&E Stores, Inc., Strawberry Stores, Inc., Pay Half Newburgh, LLC, and Knitwork Productions II LLC ("Knitwork"). Dkt. #1. Knitwork is the sole remaining defendant. Dkt. #51. The complaint asserts claims for copyright infringement and contributory copyright infringement. Id. In particular, the complaint alleges that plaintiff is the holder of a registered copyright in a two-dimensional image entitled "Urban Design-30." Compl. ¶ 13. Plaintiff alleges that Knitwork infringed plaintiff's copyright by selling, without plaintiff's authorization, garments bearing Urban Design-30. Id. ¶¶ 16-17.

On April 14, 2014, Knitwork filed a motion to quash service of process and dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, dismiss this action on the grounds of forum non conveniens. Dkt. #20. Plaintiff filed an opposition on April 21, 2014, dkt. #25, and Knitwork replied on April 28, 2014, dkt. #26. In its opposition, plaintiff contended that it had made a prima facie showing that this Court has personal jurisdiction over Knitwork. However, plaintiff requested jurisdictional discovery to further substantiate this contention. By order dated May 6, 2014, the Court found that jurisdictional discovery was appropriate. Dkt. #28. Accordingly, the Court reserved ruling on Knitwork's motion, and granted plaintiff leave such discovery. Id. On August 4, 2014, plaintiff filed a supplemental brief summarizing the results of the jurisdictional discovery, and Knitwork responded on August 11, 2014,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

dkt. #59. After considering the parties' arguments, the Court finds and concludes as follows.

## II. ANALYSIS

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. However, "[t]he plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011).

### A. General Jurisdiction

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

Here, the Court concludes that plaintiff has not made a prima facie showing of jurisdictional facts to support the exercise of general jurisdiction. As an initial matter, it is undisputed that Knitwork is a New York corporation with its principal place of business in New York, New York. Compl. ¶ 8. The Court therefore turns to the question of whether Knitwork has other contacts that are sufficiently "continuous and systematic." See Perkins, 342 U.S. at 446-47.

Plaintiff provides the following evidence in support of its contention that the exercise of general jurisdiction is appropriate. First, Knitwork has an agreement with a company called Best Delivery Services ("BDS"). Dkt. #54, Ex. A. Pursuant to this agreement, Knitwork has paid BDS "over $3,600,000 within the last five years" to store 10,000,000 Knitwork products and to ship 1,235,00 boxes containing Knitwork products from California. Plaintiff also asserts that BDS transports Knitwork products throughout California, including to 18 wholesale customers. Jeong Decl. ¶¶ 3-4; Exs. B-C. Plaintiff also asserts that Knitwork maintains a non-interactive website with hyperlinks to a third-party website. Dkt. #25, Ex. 1. In turn, that third-party website contains hyperlinks to retailers such as JC Penney, which, according to plaintiff, sell Knitwork products. Id. Exs. 2-3. Additionally, Knitwork provides uncontroverted evidence that it has no real estate, employees, agents, bank accounts, or telephone numbers in California. Navon Decl. ¶ 2.

The Court concludes that plaintiff has not made the requisite factual showing to support the exercise of general jurisdiction over Knitwork. In this regard, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders" such that general jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

is appropriate. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). For example, in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 411, 418 (1984), the Supreme Court held that a Texas district court lacked general jurisdiction over a Colombian helicopter transport company even though the company purchased "approximately 80%" of its helicopter fleet from Texas, and also sent its prospective pilots to Texas to receive training. Similarly, in Emery v. BioPort Corp., 273 Fed. Appx. 694, 695-96 (9th Cir. April 16, 2008), the Ninth Circuit held that the defendant's bulk shipments of its products to a third-party facility in the forum state "may mean that the corporation is 'doing business with'" the forum state, but "does not mean that the corporation is 'doing business in'" the forum state "for the purposes of establishing general jurisdiction." Id. at 695-96 (emphasis in original). Thus, the mere fact that Knitwork engages in substantial business dealings with BDS, an independent distributor based in California, does not give rise to general jurisdiction. See id.

Similarly, the fact that Knitwork's products are available for sale in California through third-party retailers or websites does not establish general jurisdiction because "attenuated connections" resulting from the sale of merchandise by a third party does not establish general jurisdiction. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2857 (2011) (rejecting exercise of personal jurisdiction based on the fact that the defendant placed its tires into the "stream of commerce," resulting in the tires' eventual sale in the forum state). Indeed, the Supreme Court has expressly rejected a theory of general jurisdiction that renders it available in "every . . . State in which [the defendant's] sales are sizable." See Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014).

For these reasons, the Court finds that Knitwork is not subject to general jurisdiction in California.

### B. Specific Jurisdiction

A court has specific jurisdiction over a defendant if that defendant has sufficient minimum contacts with the forum state arising from, or related to, the plaintiff's claims. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 1227–28 (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs; if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802. "If [plaintiff] does so, the burden then shifts to [defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." Mavrix, 647 F.3d at 1228.

The first prong may be satisfied by a showing of either purposeful availment or purposeful direction. In a tort case, courts focus on the latter, applying the "effects" test set forth in Calder v. Jones, 465 U.S. 783 (1984). See Mavrix, 647 F.3d at 1228. The effects test requires a plaintiff to demonstrate that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) "causing harm that the defendant knows is likely to be suffered in the forum state." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Yahoo!, 433 F.3d at 1206). Because plaintiff has alleged copyright infringement, which is "a tort-like cause of action," the Court applies the purposeful direction framework set forth in Calder. See Mavrix, 647 F.3d at 1228; Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012).

Here, the Court finds that plaintiff has not met its burden of establishing that Knitwork's alleged acts of copyright infringement were purposefully directed at California. In this regard, "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state . . . Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007). Similarly, the Ninth Circuit has rejected the exercise of specific jurisdiction in instances where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

defendant's contacts are "attenuated" or are "based upon the unilateral activities of . . . third parties." Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989). Here, plaintiff provides only one piece of evidence of a link between the alleged copyright infringement and California. That evidence is that Knitwork sold some of the allegedly infringing garments to a company called Deb Shops SDW, LLC, which in turn sold "at least one of the infringing garments to a California customer." Dkt. #54 (citing Jeong Decl. ¶ 4). Plaintiff provides no evidence that Knitwork was aware of or instigated Deb Shops' sale of an infringing garment to a California customer. And, even if Knitwork were aware that the infringing garment would eventually be sold in California, that awareness does not constitute purposeful direction. See Holland Am. Line, 458 F.3d at 459. Accordingly, the Court finds that specific jurisdiction is not established.

     Plaintiff resists this conclusion on the grounds that Knitwork's contacts with California via BDS and other third-party retailers establish specific jurisdiction, even if they are insufficient to establish general jurisdiction. This argument is unavailing because specific jurisdiction is inappropriate unless the defendant's contacts with the forum state relate to the alleged infringement. See Mavrix Photo, 647 F.3d at 1228. It is insufficient that Knitwork conducted other business with California, unrelated to plaintiff's claims. See Holland Am. Line Inc., 485 F.3d at 460 ("Unlike general jurisdiction, specific jurisdiction is tethered to a relationship between the forum and the claim.").

     Plaintiff's reliance on Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 678 (9th Cir. 2012) is similarly unavailing. There, the Ninth Circuit held that an act of intentional copyright infringement was "expressly aimed" at the forum state of Washington because the defendant continued selling infringing boots after receiving two cease and desist letters informing him that he was infringing a copyright held by a Washington-based plaintiff. Id. at 678. Here, by contrast, plaintiff provides no evidence or allegations that Knitwork had " knowledge of . . . the forum of the copyright holder" at the time that it engaged in the alleged copyright infringement. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01554-CAS(ASx) | Date | August 11, 2014 |
| Title | URBAN TEXTILE, INC. V. A&E STORES, INC. ET AL. | | |

## III. CONCLUSION

In accordance with the foregoing, Knitwork's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |